# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY T. COLLYMORE, | ) | CASE NO. 3:21-CV-303 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | August 30, 2024 |
| | ) | |
| COMMISSIONER OF D.O.C., *et al.*, | ) | |
| *Defendants*. | ) | |

## RULING ON DEFENDANT McPHERSON'S MOTION TO DISMISS

*Pro se* Plaintiff Anthony T. Collymore, a sentenced inmate, brings this action pursuant to 42 U.S.C. § 1983 asserting Eighth Amendment claims for deliberate indifference to his serious medical needs. The Court (Covello, U.S.D.J.), initially dismissed Plaintiff's complaint in this case on the grounds that the complaint was frivolous, and later dismissed Plaintiff's amended complaint, finding that the Defendants sued therein were protected by qualified immunity. Plaintiff successfully appealed the dismissals. *Collymore v. Myers*, 74 F.4th 22, 29 (2d Cir. 2023). Following the Second Circuit's remand order, Plaintiff filed a Second Amended Complaint ("SAC") restating his claims. After conducting an initial review of the SAC, the Court allowed claims against several Defendants, including Defendant APRN McPherson ("Defendant"), to proceed to service. *See* ECF Nos. 49, 50.

Defendant has now filed a motion to dismiss the claims against her, arguing that Plaintiff has not alleged facts showing that she was deliberately indifferent to his medical needs. For the following reasons, Defendant's motion to dismiss is denied.

## I.    FACTUAL BACKGROUND[1]

The operative Complaint contains the following allegations, which are accepted as true for the purpose of this motion.  *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

Plaintiff suffers from an infection on his scalp which presents as bumps and open pustules that bleed, ooze pus, and itch and burn severely to the point of affecting Plaintiff's daily activities. SAC, ECF No. 45, ¶ 35.  Although Plaintiff has repeatedly sought treatment for his scalp condition since 2015, the condition has not been fully remedied.  *Id.* ¶¶ 47–48.  Plaintiff alleges that he was seen multiple times by various medical staff to treat his scalp condition and specifically alleges that he saw Defendant, a nurse on the medical staff of the Department of Corrections who provides medical care to inmates, three times in 2019.  *Id.* ¶¶ 12, 80–81, 96–104.

Defendant first examined Plaintiff's scalp on May 14, 2019.  *Id.* ¶¶ 80–81, 96–97.  She diagnosed a "rash" and continued a prescription for Seebex[2] shampoo even though Plaintiff told her the shampoo was not working.  *Id.* ¶¶ 80–81, 97.  Plaintiff asked Defendant to refer him to a specialist, but she did not do so.  *Id.* ¶¶ 80, 96.  In her notes on the examination, Defendant described Plaintiff's condition as a rash and made no mention of any open sores, scabs, blood, or puss.  *Id.* ¶ 97.

Plaintiff saw Defendant a second time on May 21, 2019, at which time he again complained that the Seebex shampoo was not working, stated his scalp condition was worsening, and again asked to see a specialist.  *Id.* ¶ 98. In response, Defendant told Plaintiff that he had been called to the medical unit because of his complaints of a possible heart condition and told him, "you want

---

[1] The Court includes only the facts relating to Defendant McPherson's treatment and those providing necessary background.

[2] Plaintiff has alternatively referred to the brand name of the shampoo as "Seebex," as in his SAC, and "Sebex," as in the operative complaints for his appeal.  *See Collymore*, 74 F.4th at 29.  The Court refers to it as "Seebex" in this ruling, to be consistent with the SAC.

me to look at your head or chest? I won't do both!" *Id.* ¶ 99.  Defendant did not treat Plaintiff for his scalp condition on this visit and made no reference to Plaintiff's scalp condition in her notes of the visit.  *Id.* ¶ 101.

Plaintiff saw Defendant for the third and final time on August 14, 2019.  *Id.* ¶ 102.  When Plaintiff stated that his scalp was burning badly during and after showering and was affecting his ability to sleep most every night, Defendant stated that she would prescribe a different shampoo other than Seebex and a cream that would last for three months.  *Id.* ¶¶ 102–03.  Plaintiff alleges that he received the same Seebex shampoo that he had previously been prescribed, that the cream lasted only one month instead of three, and that neither the cream nor the Seebex shampoo alleviated his symptoms or cured his scalp infection.  *Id.* ¶ 104.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and

determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that Courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

## III.   DISCUSSION

To state a plausible claim and survive a motion to dismiss in this type of action, Plaintiff must allege facts showing Defendant's "deliberate indifference to [his] serious medical needs." *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). There are two elements to a claim for deliberate indifference to medical needs.

The first element is objective. The inmate must show that he was "actually deprived of

adequate medical care" by an official's failure "to take reasonable measures in response to a [sufficiently serious] medical condition." *Id.* (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006) (abrogated on other grounds)).  Thus, determining whether this element is satisfied requires the court to make two separate inquiries.  First, the court must determine whether the inmate "was actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279.  In providing such care the medical providers are only required to have "act[ed] reasonably." *Id.*  The second inquiry requires the court to determine whether the inadequacy in medical care is "sufficiently serious," which requires the court to examine "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* at 280.

The second element is subjective.  The inmate must show that the official acted with "subjective recklessness," such that the official "knew of and consciously disregarded an excessive risk to inmate health or safety." *Wolf,* 832 F. App'x at 92 (quoting *id.* at 279–80 and *Hill*, 657 F.3d at 122) (cleaned up).  Because this is a recklessness standard, allegations constituting negligence or medical malpractice are insufficient. *Id.* (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("mere negligence" is insufficient to state a claim for deliberate indifference).

On appeal of the dismissal of earlier iterations of Plaintiff's complaint, the Second Circuit concluded that Plaintiff's allegations concerning his scalp condition—which are mirrored in the SAC—plausibly alleged a serious medical need, satisfying the objective component of the Eight Amendment deliberate indifference standard. *Collymore*, 74 F.4th at 31 (holding that the "right to be free" from the condition caused Plaintiff intolerable pain, oozed pus, interfered with his sleep, and caused painful scars was "clearly established" such that the district court's ruling that the

Defendants, including McPherson, were entitled to qualified immunity was erroneous); *see id.* ("It was therefore error to dismiss Collymore's Amended Complaint for failure to satisfy the objective component of the Eight Amendment deliberate indifference standard."). The question that remained—and which the district court had not previously addressed—was whether Defendants acted with deliberate indifference or merely "malpractice at most." *Id.*

For the reasons the Second Circuit found the Amended Complaint to satisfy the objective element, this Court finds that the Second Amended Complaint does as well. Plaintiff alleges a serious, painful condition that has been "degenerative and resistant to treatment for years." *Id.* His condition causes him intense pain such that he feels his scalp is "on fire," and causes his skin to ooze pus. *Id.*; SAC ¶¶ 35, 61. Thus, the Court concludes that Plaintiff has adequately alleged that he was deprived of adequate medical care for a sufficiently serious medical need.

Plaintiff has also plausibly established the subjective element of the deliberate indifference test. Plaintiff alleges that, on his first visit with Defendant, Plaintiff said that his shampoo was not effective and asked to see a specialist. SAC ¶ 96. Yet, Defendant's only treatment of Plaintiff was prescribing the same shampoo he had already been using, and she did not refer him to a specialist. *Id.* ¶ 80. These allegations plausibly suggest that Defendant knowingly disregarded Plaintiff's statement that his shampoo was ineffective. Defendant argues that her prescription of Seebex despite Plaintiff specifically informing her of its inefficacy simply amounts to a difference of opinion in medical treatment. *See* Def.'s Br., ECF No. 64–1 at 5. However, Plaintiff's well-pleaded facts show that it is at least plausible that Defendant "knew of and consciously disregarded an excessive risk to inmate health or safety" by ignoring Plaintiff's complaints about how his prescription failed to alleviate his serious symptoms. *Wolf,* 832 F. App'x at 92 (internal quotation marks omitted).

6

Plaintiff's allegations about Defendant's notes from the first visit further bolster the plausibility of Defendant's subjective recklessness.  Defendant's notes from the first visit allegedly do not contain any reference to the open sores, scabs, and puss and reflect her diagnosis of Plaintiff's condition as a rash.  SAC ¶ 97.  It is true that Plaintiff does not specifically allege the exact symptoms that his condition was presenting on the day of his first visit, to include any allegation of having sores, scabs, and puss specifically on the day of the first visit that Defendant missed.  But given the sheer longevity and persistent nature of Plaintiff's serious condition, it is plausible to infer from the operative complaint that Defendant would have observed some scalp symptoms beyond what could be characterized as a mere rash.  Therefore, Defendant's alleged failure to record more symptoms makes it all the more plausible that Defendant was knowingly indifferent to Plaintiff's medical needs.

Plaintiff's allegations concerning his second visit with Defendant also support the plausibility of his claim.  During Plaintiff's second visit, he told Defendant that his condition was worsening, reiterated that the shampoo was still not relieving his symptoms, and that he wanted to see a specialist.  *Id.* ¶ 98.  Defendant refused to address any of these complaints.  *Id.* ¶ 99–101. Defendant argues that she did so in order to treat Plaintiff's heart condition, and that this decision was a reasonable choice given the life-threatening nature of a heart condition and given that she had seen Plaintiff for his scalp condition just a week earlier.  Def.'s Br., ECF No. 64–1 at 6.  It is true that a prisoner does not have the right to choose his medical treatment so long as the treatment he receives is adequate.  *See Hill*, 657 F.3d at 123.  But Plaintiff's operative complaint brings into question whether the treatment of his scalp condition was adequate and whether Defendant ignored his scalp condition complaints entirely at this visit, causing a delay in his treatment that resulted in his remaining in significant (and potentially unnecessary) pain.

The allegations arising from Plaintiff's third visit are less conclusive than the allegations from the previous two visits.  Defendant allegedly said she would prescribe a shampoo other than Seebex, but Plaintiff ended up receiving Seebex again.  SAC ¶¶ 103–04.  It is not clear from the operative complaint whose fault it was that Plaintiff did not receive a new shampoo.  Similarly, it is unclear why the cream Defendant prescribed ran out two months before she suggested it would.  *See id.*

Nonetheless, taking the allegations of the SAC as a whole, the Court is satisfied that Plaintiff has pleaded sufficient facts to plausibly show that the subjective element of the deliberate indifference to medical needs test is satisfied.  Defendant may revisit her arguments at summary judgment or trial based on a more fully developed record.

## IV.    CONCLUSION

For the reasons described herein, Defendant McPherson's motion to dismiss, ECF No. 64, is denied.


**SO ORDERED** at Hartford, Connecticut, this 30th day of August, 2024.


                                             */s/ Sarala V. Nagala*
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE