UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| ANTHONY T. COLLYMORE, | : | |
| *Plaintiff*, | : | |
| | : | Civil No. 3:21-cv-303 (SVN) |
| v. | : | |
| | : | |
| COMMISSIONER OF D.O.C., et al., | : | October 24, 2024 |
| *Defendants.* | : | |

**RULING ON DEFENDANT MUZYKOSKI'S MOTION TO DISMISS**

*Pro se* Plaintiff Anthony T. Collymore, a sentenced inmate, brings this action pursuant to 42 U.S.C. § 1983 asserting Eighth Amendment claims for deliberate indifference to his serious medical needs. The Court (Covello, U.S.D.J.) initially dismissed the case on the grounds that Defendants were protected by qualified immunity. Following the Second Circuit's remand order, Plaintiff filed a Second Amended Complaint ("SAC"), ECF No. 45, naming, among other Defendants, an APRN as "Jane Doe 6" in both her individual and official capacities. Plaintiff later filed a notice identifying Jane Doe 6 as Defendant Mallory Muzykoski. ECF No. 67. The Attorney General's Office entered an appearance for Muzykoski in her official capacity only, and has now filed a motion to dismiss the official capacity claims against her, contending they are moot because Plaintiff is no longer housed at the facility where the incidents allegedly occurred and that Muzykoski has no "official" capacity because she was a contract employee, not a state employee. Mot. Dis., ECF No. 92. The latter argument is not properly made on a motion to dismiss. But because Plaintiff's injunctive relief requests against Muzykoski are moot by virtue of his transfer to another facility, her motion to dismiss the official capacity claims against her is GRANTED.

I. **FACTUAL BACKGROUND**[1]

The SAC contains the following allegations, which are accepted as true for the purpose of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff suffers from an infection on his scalp which presents as bumps and open pustules that bleed, ooze puss and itch and burn severely, to the point of affecting Plaintiff's daily activities. SAC ¶ 35. Although Plaintiff has repeatedly sought treatment for his scalp condition since 2015, the condition had not been fully remedied at the time he filed the SAC. *Id.* ¶¶ 35, 47–49.

The SAC identifies Muzykoski as a medical staff member for the Department of Correction who provided medical care to inmates at Corrigan Correctional Center ("Corrigan"). *Id.* ¶ 31. Plaintiff was transferred to Corrigan in December of 2019. *Id.* ¶ 34.

Plaintiff alleges that he was seen multiple times by various medical staff members to treat his scalp condition, and alleges that he saw Jane Doe 6 (later identified as Muzykoski) twice, both times at Corrigan. *See id.* ¶¶ 28, 31, 118–120. On December 16, 2019, Plaintiff was seen in the medical unit by Muzykoski and given antibiotics. *Id.* ¶ 118. She told Plaintiff he would be put on the list to see a dermatologist, but he was never seen by one. *Id.* ¶ 119. When the antibiotics ran out, Plaintiff's condition had not improved. *Id.* Plaintiff assumes that Muzykoski had not prioritized the dermatology visit. *Id.* Plaintiff saw Muzykoski a second time on January 13, 2020, when she promised to put him on the top of the list to see the dermatologist. *Id.* ¶ 120. Plaintiff, however, never saw the dermatologist. *Id.*

Plaintiff is currently housed at MacDougall Correctional Institution. *Id.* ¶ 34. He seeks injunctive relief in the form of an order enjoining Defendants from retaliating against him for filing this suit and requiring Defendants to provide "meaningful, timely, effective and continuous

---

[1] The Court includes only the facts relating to Defendant Muzykoski's treatment of Plaintiff and other necessary background.

treatment for his scalp and keiloids, as is necessary to ensure no lapses in care and long periods of lack of treatment and suffering." *Id.* at 37.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The present motion pertains to Plaintiff's claims against Muzykoski in her official capacity. While a plaintiff in a Section 1983 action generally cannot sue an official-capacity defendant for damages, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985), he can, in some circumstances, pursue injunctive relief against a state official in her official capacity. *See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The Court therefore focuses its discussion on Plaintiff's requests for injunctive relief against Muzykoski.

## III.  DISCUSSION

The Court holds that Plaintiff's injunctive relief requests against Muzykoski are moot, and therefore that the motion to dismiss must be granted. As for her argument related to lack of an "official capacity," such argument requires consideration of evidence beyond the four corners of the complaint, and therefore is not the proper subject of a motion to dismiss.

### A. Mootness

A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Hassoun v. Searls*, 976 F.3d 121, 128 (2d Cir. 2020) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). When a case becomes

moot, a federal court no longer has subject matter jurisdiction over the action. *Hassoun*, 976 F.3d at 127.

In the Second Circuit, "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006), *abrogated on other grounds as recognized by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (holding that where petitioner "has since been transferred from the Connecticut facility to the United States Penitentiary at Lewisburg . . . [his] claims [as to his conditions of confinement while incarcerated] are . . . moot."); *Gilhooly v. Quiros*, No. 3:21-CV-140 (SVN), 2022 WL 252410, at *12 (D. Conn. Jan. 27, 2022) (holding that "[a]n inmate's requests for prospective injunctive relief from correctional or medical staff in connection with conditions of confinement at a particular correctional institution become moot when the inmate is discharged from prison, is transferred to a different institution, or has received the relief requested."); *Reese v. Lightner*, No. 3:18-CV-1922 (KAD), 2020 WL 1043794, at *2 (D. Conn. Mar. 4, 2020) (collecting cases).

Plaintiff alleges that Muzykoski treated him at Corrigan Correctional Center. SAC ¶ 31. As he is no longer confined at that facility, his requests for injunctive relief against any officials who worked at that facility, including Muzykoski, are moot.

Plaintiff's claims do not meet the requirements of the capable of repetition, yet evading review exception to the mootness doctrine, which applies where two circumstances are simultaneously present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 85 (2d Cir. 2005); *Pugh v. Goord*, 571 F. Supp. 2d

477, 488 (S.D.N.Y. 2008). Plaintiff's claims concern his medical care since 2015. Thus, the actions of prison officials that he challenges do not appear too short to be fully litigated in this action. Additionally, there is nothing in the record before the Court to suggest that Plaintiff would be subject to the same actions—alleged denial of the opportunity to see a dermatologist—by Muzykoski again.

Moreover, Plaintiff's argument that he may possibly one day return to Corrigan in the future does not change the Court's analysis. To the contrary, the fact that an inmate "may return to [the previous facility] during the term of his incarceration" does not overcome mootness because "[s]uch speculation warrants no departure from the principle that an inmate may not seek injunctive relief against prison officials after transfer." *Booker v. Graham*, 974 F.3d 101, 107–08 (2d Cir. 2020). The Court thus concludes that this exception to the mootness doctrine therefore should not be applied here.

Plaintiff's contention that his requests for injunctive relief are directed not to Muzykoski herself, but to the position she held and therefore apply to whomever assumes her role when she departs, is unavailing. Because Plaintiff is no longer confined at Corrigan Correctional Center, no employee at that facility can grant Plaintiff the injunctive relief he seeks.

Finally, Plaintiff's argument that he seeks injunctive relief to protect himself and other similarly situated inmates for whom he may act as surrogate, and also to effect changes to current medical policies, cannot save his injunctive relief request. Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). When awarding injunctive relief, a court must make sure that such relief is narrowly tailored to the scope of the violation and extends no further than necessary to remedy the

violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, a court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). The only issue in this case is Plaintiff's medical care for his scalp issues, and any injunctive relief would need to be narrowly tailored to address that issue. Plaintiff's attempts to broaden his requests for relief to prison medical care more generally, while noble, are impermissible. Additionally, as a self-represented plaintiff, Plaintiff cannot assert claims on behalf of other inmates still incarcerated at Corrigan Correctional Center. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (self-represented litigant can represent only himself and cannot assert claims on behalf of other persons).

For these reasons, the Court grants Muzykoski's motion to dismiss the injunctive relief requests brought against her in her official capacity, as such requests are moot.

### B. Lack of Official Capacity

Muzykoski also contends that the official capacity claims against her must be dismissed because she is not, and has never been, a state employee and, therefore, has no official capacity. Her counsel represents to the Court that Muzykoski was never an employee of the State of Connecticut, but rather a contracted medical provider who previously worked within Department of Correction facilities, and that she no longer works or lives in the State of Connecticut. Muzykoski frames this as an issue of the Court's subject matter jurisdiction.

On a motion to dismiss, the Court is limited to considering the allegations of the complaint, facts of which it can take judicial notice, documents incorporated by reference into the complaint, and documents considered "integral" because of the complaint's heavy reliance upon them. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Muzykoski seeks to have

the Court go beyond this limited universe and consider her counsel's statement that she was a contracted employee who worked within Department of Correction facilities. This is a clear attempt to inject into the Court's consideration facts that go beyond the four corners of the complaint and the other information a court can permissibly consider on a motion to dismiss.

Nor does the framing of the issue as one of subject matter jurisdiction allow the Court to consider her counsel's statement. First, Muzykoski's motion makes no attempt to connect the prerequisites of Article III standing—injury-in-fact, causation, and redressability—to the argument she is making here, so the Court is unconvinced that she actually mounts a challenge to the Court's subject matter jurisdiction. And even assuming *arguendo* that the issue is one of subject matter jurisdiction, Muzykoski makes a factual challenge to jurisdiction, which must be supported by evidence. *See Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (recognizing distinction between facial challenge to subject matter jurisdiction and fact-based challenge, in which a defendant "proffer[s] evidence beyond the Pleading"). Counsel's word is simply insufficient.

IV.   **CONCLUSION**

For the reasons described in this ruling, Muzykoski's motion to dismiss the claims brought against her in her official capacity, ECF No. 92, is GRANTED. The claims against Muzykoski will proceed only in her individual capacity for damages.

**SO ORDERED** at Hartford, Connecticut, this 24th day of October, 2024.

                                                    /s/ Sarala V. Nagala
                                                    SARALA V. NAGALA
                                                    UNITED STATES DISTRICT JUDGE